# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| BYUNG YOO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00210-BP |
| | § | |
| SPECIALIZED LOAN | § | |
| SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Before the Court is Defendant's Motion to Dismiss, ECF No. 10, filed on May 9, 2019. Although Plaintiff moved for an extension of time until June 6, 2019 to file a response and obtained an Order from the Court granting that request, the Plaintiff never responded to Defendant's Motion. *See* ECF No. 12 and 13. The Court issued a Show Cause Order on June 10, 2019 ordering Plaintiff to file any response that he wished to make to the Motion to Dismiss on or before June 17, 2019. ECF No. 14. Plaintiff never filed a response. Finally, on December 31, 2019, the Court set the Motion for hearing on this date. ECF No. 15. Plaintiff and Plaintiff's counsel failed to appear at the hearing. Based upon careful consideration of the Motion, the applicable legal authorities, and the arguments of counsel for Defendant at today's hearing, the Court **GRANTS** Defendant's Motion to Dismiss, ECF No. 10.

Plaintiff originally filed this case related to foreclosure of a house in Keller, Texas in the 17th Judicial District Court of Tarrant County, Texas on March 12, 2019. ECF No. 1-3 at 4-13. Plaintiff sought damages for violation of 12 C.F.R. § 1024.41 and 12 U.S.C. § 2605(f) and breach of contract, and he also sought temporary and permanent injunctive relief. Defendant removed the case to this Court on March 12, 2019. ECF No. 1. The Court ordered the parties to replead, and

plaintiff filed an Amended Complaint on April 25, 2019. ECF Nos. 7 and 9. In the Amended Complaint, Plaintiff asserted essentially the same statutory and breach of contract claims, but Plaintiff did not seek injunctive relief. Defendant filed its Motion to Dismiss in response to the Amended Complaint. *See* ECF No. 10.

In its Motion, Defendant asserts that Plaintiff's Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because it made conclusory and unsupported claims to support causes of action for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. § 1024.41, and breach of contract. The pleading standards that must be met for a complaint to survive a motion to dismiss under Rule 12(b)(6) are well-known. The Rules require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The complaint must contain facts that support the claim

for relief. The court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted). A complaint, therefore, is not sufficient if it merely contains "naked assertions" devoid of factual enhancement. *Iqbal*, 556 U.S. at 678.

Defendant asserts that Plaintiff's breach of contract claim fails as a matter of law because Plaintiff failed to allege any provisions of the Deed of Trust at issue that allowed Plaintiff to cure his default on the home loan by a modification or that required Defendant to inform Plaintiff that it refused to allow such a cure by modification. In the absence of factual allegations to support such claims, Plaintiff's breach of contract fails. The Court concludes that Plaintiff failed to support his claim with sufficient factual allegations. Accordingly, the Court grants the Motion to Dismiss Plaintiff's claims of breach of contract.

Defendant asserts further that Plaintiff's claims of violation of RESPA fail as a matter of law. Although Plaintiff asserts in the Amended Complaint that Defendant failed to advise him in writing that his loan modification application had been denied, he did not allege facts to show that he was entitled to recover under RESPA. A mortgagee has no obligation under RESPA to provide notification of denial if the mortgagor submitted multiple modification requests. 12 C.F.R. § 1024.41(i); *see also Solis v. U.S. Bank, N.A.*, 726 F. App'x 221, 223 (5th Cir. 2018). Plaintiff did not plead that the modification application he submitted on January 12, 2019 was the first one that he had submitted, and he thus failed to allege facts to show that Defendant had violated RESPA in connection with that application. As a result, Plaintiff has not shown that he is entitled to recover under RESPA, and the Court grants the Motion to Dismiss Plaintiff's RESPA claims.

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of*

3

*Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction").

Nonetheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Courts generally grant leave to amend pleadings "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Nevertheless, "it is within the district court's discretion to deny a motion to amend if it is futile." *Avdeef v. Royal Bank of Scotland, PLC*, 616 F. App'x 665, 676 (5th Cir. 2015) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)). "Amendment is futile if the new complaint 'could not survive a motion to dismiss.'" *Id.* at 676 (citing *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, LP*, 620 F.3d 465, 468 (5th Cir. 2010)).

Here, Plaintiff has had numerous opportunities to assert claims against the Defendant. Plaintiff amended his complaint once, but he did not seek leave of court to amend further. He failed to respond to Defendant's Motion to Dismiss despite multiple orders from the Court reminding him of the deadlines for response and ordering him to respond. Plaintiff apparently has pleaded his

best case, defective as his pleadings are, and the Court therefore determines that dismissal with prejudice is warranted in this case.

Additionally, the Court must conclude that the Plaintiff decided at some point to stop pursuing his case. Counsel for Defendant stated at the hearing today that the home at issue was foreclosed upon in the summer of 2019, and the proceeds of the foreclosure sale, after the debt was paid, were delivered to Plaintiff. Perhaps this explains why Plaintiff ceased activity in this case. The Court has given him every opportunity to meet the Defendant's Motion to Dismiss, but he failed to do so. He did not comply with the Court's orders to file a response to the Motion. He did not seek leave to again amend his complaint to try and overcome the Defendant's Motion. He had a chance to argue against the Defendant's Motion at the hearing today, and he failed to appear. His counsel also failed to notify the Court or opposing counsel that he would not appear. Plaintiff has failed to prosecute his case, and the Court dismisses the case with prejudice under Federal Rule of Civil Procedure 41(b) on this additional, separate ground.

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss, ECF No. 10, and **DISMISSES** Plaintiff's Amended Complaint, ECF No. 9, **WITH PREJUDICE** for failure to state a claim upon which relief can be granted, for failure to prosecute, and for failure to comply with court orders.

It is so **ORDERED** on January 17, 2020.

                                                                  _____
                                                                  Hal R. Ray, Jr.
                                                                  UNITED STATES MAGISTRATE JUDGE